```
          IN THE UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF ARKANSAS
                   PINE BLUFF DIVISION
```

ANTHONY CAREIOUS MALONE                               PETITIONER

vs.              Civil Case No. 5:07CV00322 HLJ

LARRY NORRIS, Director,
Arkansas Department of Correction                     RESPONDENT

<u>MEMORANDUM AND ORDER</u>

Anthony Careious Malone, an inmate of the Arkansas Department of Correction, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner was convicted by a jury on July 9, 2002, of possession of cocaine with intent to deliver and possession of marijuana with intent to deliver.  He was sentenced to concurrent terms of imprisonment of forty years and four years respectively (Respondent's Exhibit A).

Petitioner filed a direct appeal (Respondent's Exhibits B and C), arguing that the drug evidence found when the police conducted a canine search of his car should have been suppressed as fruit of an illegal detention, and that the evidence at trial was insufficient to prove he constructively possessed the drugs.  The Court of Appeals rejected the challenge to the sufficiency of the evidence, but found he was illegally detained during the canine search.  The court reversed the convictions and sentences.  <u>Malone v. State</u>, 89 Ark. App. 281 (2005) (Respondent's Exhibit D).

The State filed a petition for discretionary review of the Court of Appeals decision, which the Arkansas Supreme Court granted. After supplemental briefing (Respondent's Exhibits E, F and G), the Supreme Court of Arkansas affirmed Petitioner's convictions and sentences, finding there was sufficient evidence of constructive possession of the marijuana, and the police had not illegally detained Petitioner during the canine search. <u>Malone v. State</u>, 364 Ark. 256 (2005), <u>cert</u>. <u>denied</u> 547 U.S. 1102 (2006)(Respondent's Exhibit H).

Petitioner's only ground for relief in this proceeding is his claim that the drug evidence should have been suppressed because the police detained him without probable cause while they conducted the canine search. However, it has long been settled that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." <u>Stone v. Powell</u>, 428 U.S. 465, 482 (1976).

> It is the existence of state processes allowing an opportunity for full and fair litigation of fourth amendment claims, rather than a defendant's use of those processes, that bars federal habeas corpus consideration of claims under <u>Stone</u>. "[I]f state procedures afford the defendant in a criminal case the opportunity to [fully and fairly] litigate whether evidence obtained in violation of the fourth amendment should be excluded ... then <u>Stone v. Powell</u> precludes federal habeas corpus consideration of those issues whether or not the defendant avails himself of that opportunity."

Lenza v. Wyrick, 665 F.2d 804, 808 (8th Cir. 1981).  Moreover, "[t]he Stone bar applies despite a state court's error in deciding the merits of a defendant's fourth amendment claim." Id.  "To show that he was not afforded an opportunity for full and fair litigation of his claim, [a petitioner] would have to show that the State 'provided no corrective procedures at all to address the alleged Fourth Amendment violation' or that the State 'provided a corrective mechanism, but [he] was precluded from using that mechanism because of an unconscionable breakdown in the underlying process.'" Chavez v. Weber, 497 F.3d 797, 802 (8th Cir. 2007), quoting Willett v. Lockhart, 37 F.3d 1265, 1271-72 (8th Cir. 1994)(en banc)(adopting test set forth in Capellan v. Riley, 975 F.2d 67, 71 (2nd Cir. 1992)) (quotation marks omitted and emphasis removed).

In the present case, Petitioner availed himself of the state court procedures to litigate his Fourth Amendment claims.  He does not assert that any part of those procedures was unfair.  He merely disagrees with the outcome, which this court cannot review in this case.  In light of this finding, there is no need to address Respondent's contention that the petition is untimely.

IT IS THEREFORE ORDERED that this petition be, and it is hereby, dismissed with prejudice.  The relief prayed for is denied.

SO ORDERED this 9th day of April, 2008.

_____
United States Magistrate Judge